**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALEXANDER JONES,**
      **Petitioner,**

**v.**                                   **Case No. 4:09cv496/MP/MD**

**MICHAEL D. CREWS,[1]**
      **Respondent.**

_____

**ORDER and REPORT AND RECOMMENDATION**

      **Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 8). Respondent has filed an answer (doc. 26). Petitioner was invited to respond (doc. 34) but has failed to do so. The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

---

      **[1] Michael D. Crews succeeded Kenneth S. Tucker as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d).**

## BACKGROUND AND PROCEDURAL HISTORY[2]

Notwithstanding the voluminous record in this proceeding, the matter is at its base fairly simple. In case number 2002-CF-4249, the State charged Petitioner, Alexander Jones, with felony fleeing or attempting to elude an officer and reckless driving. (Ex. D at 1). On June 5, 2003, Mr. Jones entered a negotiated plea to the charges. (Ex. D 23-24). As a consequence, the trial court sentenced Mr. Jones to twenty-four months probation on the felony fleeing or attempting to elude count and ninety days in the county jail on the reckless driving count with credit for ninety days already served. (Ex. D at 27-39).

On April 23, 2004, the State charged Mr. Jones with violating the terms of his probationary sentence because he failed to submit required monthly reports and because he committed new crimes involving battering and threatening one or more witnesses. While the probation violation matter was pending, Mr. Jones filed a motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P., claiming ineffective assistance of counsel. The trial court denied the motion on procedural grounds (among others not relevant here): Mr. Jones had not appealed his original conviction and sentence (Ex. Q, pp. 14-16). Mr. Jones' appeal of this order was unsuccessful (Ex. R).

After the state added two additional probation violations to the pending charges, Mr. Jones admitted the violations pursuant to a plea agreement, and he was sentenced to twenty-four months community control plus jail time already served. Mr. Jones was later returned to court because he was ineligible for community

---

[2] The facts stated herein are those presented at various hearings and in unrefuted records. Due process requires a state to prove each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When a federal court examines the sufficiency of the evidence on review, the role of the court is not to reweigh the evidence or to determine whether the evidence established guilt beyond a reasonable doubt. *Id.* at 319. The proper inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, the federal court believes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* Where conflicting inferences and disputes exist, this Court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution. *Martin v. State of Alabama,* 730 F.2d 721,724 (11th Cir. 1984). Although this court is not called on to address directly the sufficiency of the evidence, the evidence presented at various stages of the case is part of the court's analysis.

control due to a prior conviction for a forcible felony. Mr. Jones then agreed in open court to being placed on felony drug offender probation (Ex. T, pp. 70-72).

Three months later the state alleged violation of the new probationary sentence based on a positive test for marijuana and cocaine. The state later alleged additional violations based on giving a false name and forgery. Mr. Jones moved to dismiss the violations based on his claim that his sentence to felony drug offender probation was unlawful because his underlying offenses did not involve drugs. At a hearing the trial court denied the motion to dismiss based on Mr. Jones' willing agreement to the sentence when he had ample opportunity to object (Ex. H).

A hearing was held on the now pending violations. In reference to the earlier-denied motion to dismiss, the court stated that the violations then before the court would be violations of regular probation as well as drug offender probation, with the exception of an alleged curfew violation. In an obvious effort to clear up any possible error, the court instructed the state that no evidence concerning an alleged curfew violation would be received (Ex. J, p. 5).

The court heard evidence on the alleged violations, and found that Mr. Jones had violated probation based on the positive tests for marijuana and cocaine. The court again prevented the state from proceeding on any drug offender probation violation and specifically treated the matter as violations of standard probation (Ex. D, p. 126).[3] Mr. Jones was sentenced to 120 months in prison. Mr. Jones' appeal was unsuccessful.

Mr. Jones filed another motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P., claiming ineffective assistance of counsel. The trial court denied part of the claims and ordered the state to respond as to two claims: ineffective assistance of counsel based on failure to raise a speedy trial defense and

---

[3]Mr. Jones had pleaded to two other offenses while this case was pending, and sentences imposed in those cases were made concurrent to the sentence under consideration. The court will therefore not discuss those cases. If one is subject to habeas relief, the others are, but if not, no relief is available for any of the cases.

subpoena witnesses, and based on a conflict of interest on the part of later-appointed defense counsel. After an evidentiary hearing the court denied the motion as to these grounds, finding that the attorneys' testimony was credible. Counsel testified that no speedy trial motion was filed because the case was not ready for trial. No depositions had been taken. The case was in its beginning stages and a speedy trial motion would have waived the Mr. Jones' right to conduct discovery. The court found that this was a reasonable strategic decision by counsel and was not ineffective. Moreover, counsel was unable to locate one or more witnesses, and the victim's alleged desire to drop the charges was a matter to be brought to the state. There was no legal basis for a defense motion to dismiss based on the victim's desire to drop the charges. Whether to proceed in light of any such desire by the victim was a decision reserved to the state. As to the conflict claim, the court found that when new counsel was appointed, counsel's prior representation of an alleged victim had ended. The court entered a written order finding that neither counsel was ineffective (Ex T, pp. 134-34).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172. The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of Mr. Jones' claims.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or

"unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).


## OTHER CONTROLLING LEGAL PRINCIPLES

### INEFFECTIVE ASSISTANCE OF COUNSEL.

Some of Mr. Jones' claims for relief in this court are grounded on his contention that he was denied his constitutional right to the effective assistance of counsel. In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*). In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314. "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness. *Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment.

*Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). In applying

*Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

## EXHAUSTION AND DEFAULT.

Respondent contends that petitioner did not present at least one of his current claims to the state court for review, and is defaulted from doing so now, and that this court therefore should not consider the claims. It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[4] thereby giving the State the

---

[4] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)). The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the

defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. 459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*. The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[5] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 115 S.Ct. at 888. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004). The *Baldwin* Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court

---

[5] The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* This language, while not part of the Court's holding, provides an instructive and useful rule of thumb. With regard to this statement, the Eleventh Circuit stated in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

*Id.*, 416 F.3d at 1302-03 (citations omitted).[6]

The Eleventh Circuit, prior to *Duncan*, had broadly interpreted the "fair presentation" requirement.[7] However, after *Duncan*, the Eleventh Circuit has taken

---

[6] In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

[7] *See, e.g.*, *Watson v. Dugger*, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court misapplied state law when it refused to give petitioner's requested jury instruction and thereby allowed the jury to convict without necessary showing of criminal intent, and argued in federal court that this was a due process violation); *Mattox v. Dugger*, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in support of its position); *Hutchins v. Wainwright*, 715 F.2d 512, 518-19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court).

a more restrictive approach. For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991).

In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion." *Judd*, 250 F.3d at 1318, or in a manifestly unfair manner, *Ford v. Georgia*, 498 U.S. 411, 424-425, 111 S.Ct. 850, 858, 112 L.Ed.2d  935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite

probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

## PETITIONER'S GROUNDS FOR RELIEF

1. **Denial of due process based on illegal sentence.**

<u>State Court Decision</u>

As noted above, the state court found that the sentence was not technically illegal, but assuming for the sake of argument that it may have been, the state court acted in all post-conviction matters as if Mr. Jones had been sentenced to regular probation only.

<u>Federal Review of State Court Decision</u>

This claim is procedurally defaulted. Mr. Jones appealed the adverse rulings, but did not raise any federal claims in his appeal. He based his claims solely on Florida law. Since he did not raise a federal claim in state court, the state court was not given a fair opportunity to consider a federal claim. *Duncan v. Henry, supra.*

Neither is this claim properly reviewable in this court even if it were not procedurally barred. Federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations

omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan v. Booth*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980)).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352, 110 S.Ct. 668. The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent. The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Mr. Jones is not entitled to federal habeas relief, and the writ should not issue.

2.   Original plea void because of illegal sentence.

<u>State Court Decision</u>

As noted above, the state court found that the sentence was not technically illegal, but assuming for the sake of argument that it may have been, the state court

acted in all post-conviction matters as if Mr. Jones had been sentenced to regular probation only.

### Federal Review of State Court Decision

This is a rehashing of Mr. Jones' first claim, and federal relief should be denied for the same reasons. The issue is procedurally defaulted, and the claim is based on an alleged violation of state law, a matter in which this court has no power to grant relief.

The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Mr. Jones is not entitled to federal habeas relief, and the writ should not issue.

3. **Court erred in allowing introduction of unsupported written evidence in the lab reports.**

### State Court Decision

This issue was raised on appeal. Mr. Jones raised federal constitutional arguments in support of the claimed error. The appellate court affirmed without opinion.

### Federal Review of State Court Decision

Mr. Jones contends that the laboratory results were testimonial in nature, and that under the reasoning of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), he suffered a constitutional denial of his Sixth Amendment right of confrontation because he was unable to cross-examine the laboratory personnel who conducted the tests. Mr. Jones' argument might be convincing in a different case, but the test results were not introduced at a trial in which the burden borne by the state was to convince the finder of fact that the defendant was guilty beyond a reasonable doubt. Rather, the lab reports were introduced in a violation of probation hearing, where the burden is only proof by the greater weight of the evidence. In several unpublished opinions the Eleventh Circuit has held that *Crawford* does not apply in revocation hearings. See *U.S. v. Morris*, 140 Fed. Appx. 138, 141 (11th Cir.

2005); *U.S. v. Zayas*, 146 Fed. Appx. 346, 350 (11th Cir. 2005); *U.S. v. Spence*, 151 Fed. Appx. 836, 838 (11th Cir. 2005); *U.S. v. Geathers*, 297 Fed. Appx. 885, 886 (11th Cir. 2008); *U.S. v. Johnson*, 349 Fed. Appx. 387, 388-89 (11th Cir. 2009); *U.S. v. Garcia-Hernandez*, 389 Fed. Appx. 894, 900 (11th Cir. 2010); *see also U.S. v. Cantellano,* 430 F.3d 1142, 1144 (11th Cir. 2005) (finding Crawford is inapplicable to noncapital sentencing proceedings). Similarly, every other federal circuit court reaching this issue has found Crawford to be inapplicable to parole or probation revocation hearings. *See United States v. Rondeau*, 430 F.3d 44, 48 (1st Cir. 2005); *United States v. Aspinall*, 389 F.3d 332, 342-43 (2nd Cir. 2004), *abrogated on other grounds*, *United States v. Fleming*, 397 F.3d 95 (2nd Cir. 2005); *United States v. Kirby*, 418 F.3d 621, 627-28 (6th Cir. 2005); *United States v. Martin*, 382 F.3d 840, 845 (8th Cir. 2004); *United States v. Hall*, 419 F.3d 980, 985-86 (9th Cir. 2005).

Mr. Jones points to no United States Supreme Court opinion concluding that, in the probation revocation context, *Crawford* is applicable. The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Mr. Jones is not entitled to federal habeas relief, and the writ should not issue.

4. Ineffective assistance of counsel when counsel told petitioner he would lose at trial; involuntary plea; ineffective assistance of counsel in failing to move to recuse the judge; ineffective assistance of counsel because of conflict of interest.

These combined claims were never presented to the state courts for review. That is, although Mr. Jones repeatedly claimed ineffective assistance of counsel, he never told the state courts the factual bases he presents here. Habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (holding that to satisfy the exhaustion requirement, a petitioner must have presented the instance of ineffective assistance that he asserts in his federal petition "such that a reasonable reader would

understand [the] claim's particular legal basis and specific factual foundation" ) (internal quotation marks omitted); *Johnston v. Singletary*, 162 F.3d 630, 634-35 (11th Cir. 1998); *Footman v. Singletary*, 978 F.2d 1207 (11th Cir. 1992)*.*  Where a petitioner raises an ineffective assistance of counsel claim in the state court, but alleges different supporting facts than in his federal habeas proceeding, he will be deemed to have failed to fairly present the federal claim to the state court.  *Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994) (rejecting petitioner's argument that "the general claim of ineffective assistance in state court preserves for federal review all alleged instances of ineffectiveness, regardless of whether evidence of a particular act was presented to the state court").  "Allowing a habeas petitioner to allege a single instance of ineffective assistance in his state post-conviction proceedings and then proceed to federal court to allege additional instances would be contrary to the state's 'full and fair opportunity to address the claim on the merits.'  The state would never have the benefit of evaluating the claim using a fully developed set of facts.  This would not be the 'serious and meaningful' exhaustion of claims that Congress intended."  *Footman*, 978 F.2d at 1211.  "Thus, the prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief."  *Kelley v. Secretary*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.  Mr. Jones is not entitled to federal habeas relief, and the writ should not issue.

**5. Court failure to provide a full and fair hearing on petitioner's claims.**

<u>State Court Decision</u>

Mr. Jones filed writs of mandamus in the Supreme Court of Florida in which he complained generally about the lower courts' handling of his various motions and petitions. His petitions were unsuccessful.

<u>Federal Review of State Court Decision</u>

This court cannot consider alleged improprieties in post-conviction proceedings. It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention."). Because this claim does not represent a constitutional challenge to Mr. Jones' confinement, it does not constitute grounds for habeas relief.

The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Mr. Jones is not entitled to federal habeas relief, and the writ should not issue.

To the extent that some of Mr. Jones' claims are procedurally barred due to his failure to exhaust a claim or claims, any further attempt at exhaustion in Florida courts would be futile because his claim would be untimely and procedurally barred under Florida law. *See* Fla. R. Crim. P. 3.850(b) and (f); *Spaziano v. State*, 545 So.2d 843, 844 (Fla.1989) (holding that second 3.850 motion must be summarily denied

where first motion raised claim of ineffective assistance of counsel, second motion sought to raise additional grounds for that ineffectiveness, and second motion did not allege defendant was precluded from asserting the additional grounds in the first motion); *Christopher v. State*, 489 So.2d 22 (Fla. 1986) (holding that "where an initial motion for post-conviction relief raises the claim of ineffective assistance of counsel, the trial court may summarily deny a successive motion which raises additional grounds for ineffective assistance of counsel); *Foley v. State*, 979 So.2d 1181, 1182 (Fla. 3d DCA 2008) (holding that post-conviction movant's claim of ineffective assistance of counsel was both untimely and procedurally barred, where claim was filed more than two years after judgment and sentence became final and could have been raised in one of movant's prior motions for post-conviction relief).

Mr. Jones has made none of the requisite showings to excuse his default. He has not alleged cause for his default, and has presented no new evidence of his factual innocence. Therefore, defaulted claims identified above cannot be considered in this court.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as respondent in this cause.

Accordingly, it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus (doc. 8) challenging the convictions and sentences in *State of Florida v. Alexander Jones*, in the Circuit Court of Leon, Florida, case nos. 2002-CF-4249, 2004-CF-1012, and 2004-CF-1216, be DENIED, that no certificate of appealability be issued, and the clerk be directed to close the file.

At Pensacola, Florida this 1st day of February, 2013

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).